CHB/WDS
F.#2010R02206

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA             10 CR 1001 (RRM)

     - against -

RAMADAN ABDUL-MATEEN,

          Defendant.

- - - - - - - - - - - - - - - - - -X


THE GOVERNMENT'S MOTION IN LIMINE


                              LORETTA E. LYNCH
                              United States Attorney
                              Eastern District of New York
                              271 Cadman Plaza East
                              Brooklyn, New York 11201


David Sarratt
Carter Burwell
Assistant U.S. Attorneys
(718) 254-6418/6313

PRELIMINARY STATEMENT

The government respectfully submits this *in limine* motion in advance of trial in the above-captioned case, which is scheduled to begin on September 26, 2011. Ramadan Abdul-Mateen (the "defendant") is charged in a one-count indictment with being a felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The government moves (1) to cross-examine the defendant, should he testify, regarding his prior felony criminal convictions pursuant to Federal Rule of Evidence 609(a); and (2) to cross-examine the defendant regarding the underlying facts of his convictions if he testifies in a manner that contradicts his criminal history.

BACKGROUND

On Saturday, June 26, 2010, at approximately 3:17 a.m., NYPD Officers from the 77th Precinct in Brooklyn were patrolling near the corner of Atlantic Avenue and Troy Avenue when they noticed a livery cab with a broken tail light. The Officers stopped the vehicle. As the Officers approached the cab, they observed the defendant in the back seat of the car, with his shoes off. They also observed that the defendant had a small, black zippered bag at his feet, and the defendant appeared to be attempting to cover the bag with his feet and hide it under the seat in front of him.

The Officers asked the defendant to put his shoes on and exit the vehicle. The defendant took an unusually long time to do so, and it appeared to the Officers that the defendant was trying to formulate a plan as to what to do with the bag. When the defendant eventually did begin to exit the car, he attempted to bring the bag with him. The Officers instructed him to leave the bag in the car. The defendant did so and got out of the car. One of the Officers, Sergeant Mark Jablonski, then picked up the bag and immediately felt that there was a firearm inside. Sergeant Jablonksi opened the bag and found a Ruger nine millimeter pistol and a box of ammunition.

Sergeant Jablonksi quickly alerted the other Officers that he had found a gun, and as he did so, the defendant

attempted to shove past the other Officers and flee. The Officers stopped the defendant and placed him under arrest. At that point, the defendant asked why he was being arrested. When the Officers told him it was because of the gun, the defendant replied, in sum and substance, "you didn't find the gun on me."

On December 17, 2010, a grand jury in the Eastern District of New York returned a one-count indictment charging the defendant with possession of a firearm, namely, the Ruger nine millimeter pistol and ammunition, after having been convicted of a felony, contrary to Title 18, United States Code, Section 922(g).

The government learned that DNA evidence was recovered from the firearm that the Officers recovered from the bag. The government obtained a search warrant for DNA samples from the defendant and compared those samples to the evidence recovered from the firearm. The New York City Office of the Chief Medical Examiner ultimately determined that the defendant was a possible contributor to the DNA evidence found on the firearm and that the "the probability that a random individual would be included as a possible contributor . . . is [one] in 14.4 billion people."

The defendant currently has four prior felony convictions, all in the Kings County Supreme Court.

First, on April 30, 2002, the defendant was convicted of robbery in the first degree, in violation of New York Penal Law § 160.15(4), an element of which is that the defendant or another participant in the robbery display what appears to be a firearm. The defendant was sentenced to five years of imprisonment, from which he was released on June 30, 2006.

Second, while the defendant was being held on that robbery charge, he was arrested and charged with knowingly possessing dangerous contraband in prison in the first degree, in violation of New York Penal Law § 205.25(02). On February 28, 2002, the defendant pled guilty to that offense and was sentenced to one to three years of incarceration.

Third, on September 21, 2009, the defendant was convicted of criminal possession of a weapon in the fourth degree, in violation of New York Penal Law § 265.01(01), and was sentenced to one year of imprisonment.

Fourth, the defendant was convicted on July 13, 2011 of criminal possession of a weapon in the second degree, in violation of New York Penal Law § 265.03(3), an element of which is that the defendant possess a loaded firearm outside of his home or business. The defendant is awaiting sentence on the most recent conviction, but I am informed by the assigned Assistant District Attorney that the defendant faces a mandatory minimum sentence of seven years of incarceration.

In addition, the defendant was arrested on November 24, 2010 and is currently under indictment in the Bronx County Supreme Court for, among other things, robbery in the first degree, in violation of New York Penal Law § 160.15(04).

ARGUMENT

I.  If the Defendant Testifies, the Government Should Be Permitted to Cross-Examine the Defendant Regarding His Prior Felony Convictions and the Sentences Imposed

If the defendant testifies at trial, the government requests permission to cross-examine the defendant about certain limited facts regarding his four prior felony convictions.

A.  Legal Standard

Federal Rule of Evidence 609(a)(1) provides that, for the purpose of attacking the defendant's character for truthfulness, evidence that the defendant was convicted of a crime punishable by a term of imprisonment in excess of one year "shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1). Courts have outlined five factors that are generally considered in making this determination: (1) the impeachment value of the prior crime; (2) the date of the conviction and the defendant's subsequent history; (3) the degree of similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. See United States v. Hayes, 553 F.2d 824, 828 (2d Cir. 1977); United States v. Jimenez, 214 F.3d 1095, 1098 (9th Cir. 2000); United States v. Smith, 131 F.3d 685, 687 (7th Cir. 1997); United States v. Sloman, 909 F.2d 176, 181 (6th Cir. 1990); Jones v. City of

New York, 2002 WL 207008, at *2 (S.D.N.Y. Feb. 11, 2002); see also Weinstein's Federal Evidence, § 609.05[3]. In addition, a prior conviction is generally "not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the [defendant] from the confinement imposed for that conviction, whichever is the later date." Fed. R. Evid. 609(b).

    B.    Discussion

In the event the defendant chooses to testify, the government seeks to introduce the fact that the defendant was previously convicted of four felonies, for which he was sentenced to specific periods of incarceration as detailed above. Because the defendant's prior felony convictions are not for crimes involving dishonesty or false statement, the admissibility of such evidence for impeachment purposes is governed by Rule 609(a)(1).

In United States v. Estrada, the Second Circuit held that Rule 609(a)(1) "requires district courts to admit the name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." 430 F.3d 606, 620-21 (2d

7

Cir. 2006) (internal quotation marks omitted).  In so holding, the Estrada court noted that the district court below had misapplied Rule 609(a)(1) "by limiting the scope of impeachment . . . as a matter of policy, to the fact and date of the[] felony convictions without permitting inquiry into the statutory names of the witnesses' offenses of conviction."  Id. at 615.  Rather, the Second Circuit held that the appropriate approach is for the district court to "undertake an individualized balancing analysis under Rule 609(a)(1) before excluding evidence of the statutory name of a witness's crime" and to "admit evidence of the nature of a witness's prior felony convictions, including the statutory name of the offense, the date of conviction, and the sentence imposed, subject to Rule 403."  Id. at 616-17.

   Should the defendant testify, the government seeks to admit at trial the statutory name of the offenses, as well as the dates and sentences imposed for his prior felony convictions.  The government's proposed approach appropriately takes into account both the government's significant interest in impeaching credibility and the need to avoid unfair prejudice.  With respect to the fact of the convictions and the length of sentence imposed, the defendant's commission of multiple felony offenses, especially serious felony offenses as indicated by the length of the sentences imposed, is probative of truthfulness because it indicates a stronger willingness to disobey the law.  See, e.g.,

Estrada, 430 F.3d at 617-18 ("[T]he gravity of an offense may bear on truthfulness, to the extent that more serious offenses indicate a stronger willingness to ignore the law.").

Should the defendant testify in this case, the probative value of introducing such limited evidence regarding his prior convictions outweighs the danger of any unfair prejudice. Because the jury in this felon-in-possession case will necessarily learn that the defendant is a felon, permitting the government to cross-examine the defendant regarding the date of his prior convictions and the sentences imposed will not be particularly prejudicial. Lewis v. Velez, 149 F.R.D. 474, 482 (S.D.N.Y. 1993) (stating that "where the jury knows that a witness is a convicted felon, admission of prior crimes may cause relatively little additional prejudice."). An appropriate limiting instruction will further minimize any resulting prejudice.

An analysis of the five factors courts have outlined as relevant to the determination of whether such impeachment evidence should be admitted under Rule 609(a)(1) further supports this conclusion. With respect to the first factor, the impeachment value of the prior crime, "Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully." Estrada, 430 F.3d at 617. In the instant case, the defendant's prior felony convictions are

9

indicative of his repeated "willingness to ignore the law," and bears directly on his credibility, id. at 618.

  The second factor, the date of the conviction and the defendant's subsequent history, also weighs in favor of the government's application. Notably, the defendant's consistent criminal history -- including his most recent felony conviction in July of this year -- does not include a number of years of law-abiding behavior. The government is not seeking to impeach the defendant on the basis of an aberrant criminal conviction that occurred long ago; rather, the defendant has a clear history of repetitive, undeterred criminal conduct that is relevant to his credibility generally. Thus, this factor weighs in the government's favor.

  Regarding the third factor, the defendant's robbery conviction and his prison contraband convictions are distinct from the charges in this case. Although the defendant's two convictions for criminal possession of a weapon bear a similarity to the crime charged in this case, the Court could cure any potential prejudice resulting from that similarity with an appropriate limiting instruction. Again, given that, in this felon-in-possession case, the jury will necessarily know that the defendant is a convicted felon, the incremental danger of unfair prejudice resulting from the jury knowing the name of the

offenses of conviction, even if similar, is low, and is certainly outweighed by the other factors in the analysis.

The fourth and fifth factors - the importance of the testimony subject to impeachment, and the centrality of the defendant's credibility - also weigh in favor of the government. Should the defendant testify, and particularly if he claims the police officers planted the gun on him, the case will undoubtedly turn on whose version of events the jury believes: that of the police officers who are eyewitnesses to the defendant's possession of the firearm, or that of the defendant. Accordingly, if the defendant testifies, his credibility will be a critical issue, and, if the jury is not permitted to hear limited details about the defendant's prior felony convictions, the jury will receive a skewed and incomplete picture of the defendant's credibility. See United States v. Alexander, 48 F.3d 1477, 1489 (9th Cir. 1995) (finding it "not surprising that the [district] court was unwilling to let a man with a substantial criminal history misrepresent himself to the jury, with the government forced to sit silently by, looking at a criminal record which, if made known, would give the jury a more comprehensive view of the trustworthiness of the defendant as a witness"); Ortiz, 553 F.2d at 785. Evidence of the defendant's prior felony convictions would thus have significant probative value.

11

For all the foregoing reasons, the government requests that if the defendant testifies at trial, the Court permit the government to cross-examine the defendant about his prior convictions for which he was sentenced to specific periods of incarceration.

II.  **If The Defendant Testifies In A Manner Inconsistent With His Criminal History, The Government Should Be Permitted To Cross-Examine The Defendant Using The Underlying Facts Of His Convictions**

In the event that the defendant testifies in a manner that contradicts his criminal history, the government should be permitted to cross-examine the defendant using the underlying facts of his convictions.  When a defendant offers an innocent explanation, he "opens the door" to questioning into the truth of his testimony, and the government is entitled to attack his credibility on cross-examination.  See, e.g., United States v. Beverly, 5 F.3d 633, 640 (2d Cir. 1993) (defendant's testimony as to his unfamiliarity with guns opened the door to questioning about his prior possession and use of guns); United States v. Garcia, 936 F.2d 648, 654 (2d Cir. 1991) ("once [defendant] Dominguez testified that he had no idea that the white powder was cocaine, he opened the door for the Government to impeach his testimony by establishing on cross-examination that he was familiar with and indeed had used cocaine as recently as the day before his arrest").  "A defendant has no right to avoid cross examination into the truth of his direct examination, even as to matters not related to the merits of the charges against him." United States v. Payton, 159 F.3d 49, 58 (2d Cir. 1998).

13

Therefore, if the defendant testifies in some manner that is contradicted by the facts of his criminal history, the government seeks to cross-examine the defendant regarding those facts. <u>United States v. Weisser</u>, 417 F.3d 336, 346 (2d Cir. 2005).

CONCLUSION

For the reasons set forth above, the government's motion should be granted.

Dated:    Brooklyn, New York
           July 29, 2011

                                      Respectfully submitted,

                                      LORETTA E. LYNCH
                                      United States Attorney

                              By:         /s/
                                      David Sarratt
                                      Carter Burwell
                                      Assistant U.S. Attorney
                                      (718) 254-6418 / 6313

cc:    Mildred Whalen, Esq. (via ECF)
       Clerk of Court (RRM)(via ECF)